UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-170-JPH-MJD -01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| EVAN MILES HOUSLEY | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cr-00170-JPH-MJD |
| | ) | |
| EVAN MILES HOUSLEY, | ) -01 | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Defendant Evan Miles Housley has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 111. Mr. Housley seeks immediate release from incarceration based on his risk of severe illness should he contract COVID-19 and the disparity between his sentence and that of others who committed the same crimes. *Id.* For the reasons explained below, his motion is **DENIED**.

**I.    Background**

In March 2020, Mr. Housley pled guilty to two counts of bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(a), and one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c). Dkts. 99, 100. According to the presentence investigation report, over the span of one week, Mr. Housley and another individual robbed two banks in the Indianapolis area. Dkt. 78. Mr. Housley brandished a rifle during one robbery and a semi-automatic handgun during the other robbery. The Court sentenced Mr. Housley to concurrent terms of 84 months of imprisonment on the bank robbery counts and a consecutive term of 84 months of imprisonment on the firearms count, for a total of 168 months of imprisonment. Dkts. 99, 100. Mr. Housley's term of imprisonment is to be followed by a 3-year term of supervised

release. *Id.* The Bureau of Prisons ("BOP") lists Mr. Housley's anticipated release date (with good-conduct time included) as July 8, 2029.

Mr. Housley is 36 years old. He is currently incarcerated at FCI Cumberland in Cumberland, Maryland. As of September 15, 2021, the BOP reports that 14 inmates and 6 staff members at FCI Cumberland have active cases of COVID-19; it also reports that 309 inmates at FCI Cumberland have recovered from COVID-19 and that no inmates at FCI Cumberland have died from the virus. https://www.bop.gov/coronavirus/ (last visited Sept. 16, 2021). The BOP also reports that 731 inmates at FCI Cumberland have been fully inoculated against COVID-19. *Id.* That is, about 60% of the inmates at FCI Cumberland have been fully inoculated against COVID-19. *See* https://www.bop.gov/about/statistics/population_statistics.jsp (showing that as of Sept. 16, 2021, the BOP reports that FCI Cumberland and its satellite camp have a total inmate population of 1192).

Mr. Housley filed his motion for compassionate release pro se, arguing that he is entitled to compassionate release because his sentence is disproportionate to other defendants convicted of the same crimes and that he is at risk of severe illness if he were to contract COVID-19. Dkt. 111.[1] Upon review, the Court concludes that it can resolve the motion without a response from the United States. Consequently, the motion is now ripe for decision. As explained below, Mr. Housley has not presented an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A). Thus, his motion must be denied.

## II.     Discussion

---

[1] To the extent that Mr. Housley argues that the BOP has violated the Eighth Amendment by unreasonably exposing him to the COVID-19 virus and mismanaging the pandemic, such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Dotson*, 849 F. App'x 598, 601 (7th Cir. 2021).

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). "The movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

### A.   COVID-19

The risk that Mr. Housley faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him. While the Court sympathizes with Mr. Housley's fear of contracting the virus, the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction.[2] *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD-01, dkt. 33 (S.D. Ind. Aug. 12, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction).

---

[2] In keeping with the Seventh Circuit's instruction in *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020), the Court would typically consider the rationale provided by Mr. Housley's warden in denying Mr. Housley's administrative request for relief. However, Mr. Housley reports that he has not yet received a response from the warden. Dkt. 111 at 3. Thus, there is no decision for the Court to consider.

Mr. Housley does not argue in his motion that he is more susceptible to severe illness from COVID-19 due to any underlying medical conditions identified by the CDC (Centers for Disease Control) as risk factors.[3] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 13, 2021) (identifying certain medical conditions that can make you more likely to get severely ill from COVID-19). Without any medical conditions that put him at increased risk of severe illness should he contract COVID-19, the Court cannot find that Mr. Housley has shown extraordinary and compelling reasons to justify his release. This Court has routinely denied such motions from similar defendants, even when they are incarcerated in a "hotspot" for COVID-19 infections. *See United States v. Dyson*, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (collecting cases).

Moreover, the Seventh Circuit has recently stated, "A prisoner who can show that he is unable to receive or benefit from a [COVID-19] vaccine still may turn to [§ 3582(c)(1)(A)(i)], but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). The record includes no evidence suggesting that Mr. Housley cannot receive or benefit from the COVID-19 vaccine, and the majority of inmates at his facility are fully vaccinated against COVID-19. Thus, he cannot show that the COVID-19 pandemic is an extraordinary and compelling reason warranting release. *See United States v. Burgard*, 857 F. App'x 254, 254 (7th Cir. 2021) (affirming denial of motion for compassionate release despite legal error because nothing in the record suggested that defendant

---

[3] Mr. Housley alludes to "medical conditions" in his requests for release to his warden, dkt. 111-1 at 8-10, but he provides no further information or evidence in support either in those requests or to this Court.

was unable, medically or otherwise, to receive the vaccine, and more than three-quarters of the inmates at his facility were fully vaccinated).

  **B.**  **Sentence Disparity**

Pursuant to an agreement with the United States, Mr. Housley pled guilty to two counts of bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(a), and one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c), and agreed to a sentence of 168 months of imprisonment. In his motion, Mr. Housley appears to argue that he is entitled to compassionate release because his sentence would be lower if he were sentenced today due to changes to § 924(c) under the First Step Act, and because his attorney was ineffective in allowing him to sign a plea agreement that included such a long term of imprisonment. Dkt. 111 at 8.

Mr. Housley's reliance on the changes to § 924(c) under the First Step Act is irrelevant to his case. Section 403 of the First Step Act modified § 924(c)'s "stacking provision," eliminating the mandatory stacking of multiple such convictions except for "a violation of [§ 924(c)] that occurs after a prior conviction under [§ 924(c)] has become final." First Step Act of 2018, § 403(b), 132 Stat. 5194, 5222. Here, however, Mr. Housley was only convicted of one count under § 924(c) and thus not affected by any changes to the so-called "stacking provisions" of § 924.[4]

Mr. Housley's attempt to raise an ineffective assistance of counsel claim in his compassionate release motion is also improper as such a claim should be raised in a collateral attack on his original judgment under 28 U.S.C. § 2255. *See United States v. Barnett*, 849 F. App'x

---

[4] Even if he had been affected by the "stacking provisions," the Seventh Circuit recently determined that the disparity between pre-First Step Act § 924(c) sentences and post-First Step Act § 924(c) sentences does not establish extraordinary and compelling reasons to grant compassionate release and cannot be considered in determining whether extraordinary and compelling reasons for release exist. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (explaining that Congress's deliberate decision to make the amendment to § 924(c) exclusively prospective meant that the change to § 924(c) could not be an extraordinary and compelling reason for relief under § 3582(c)((1)(A)).

158, 159 (7th Cir. 2021) ("18 U.S.C. § 3582(c)(1)(A) does not offer a path to attack a conviction, only to 'modify a term of imprisonment.'"); *United States v. Musgraves*, 840 F. App'x 11, 13 (7th Cir. 2021) (citing *United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020)) ("Compassionate release is a mechanism for inmates to seek a sentence reduction for compelling reasons, not for remedying potential errors in a conviction."). Indeed, Mr. Housley is currently pursuing a motion for post-conviction relief under 28 U.S.C. § 2255 that raises this issue. *See Housley v. United States*, No. 1:21-cv-412-JPH-DML.

Because neither Mr. Housley's risk from COVID-19 nor any sentencing disparity with other defendants convicted of the same crimes, whether considered separately or together, establish extraordinary and compelling reasons warranting release, the Court need not determine whether the § 3553(a) factors warrant Mr. Housley's release.

### III.    Conclusion

For the reasons stated above, Mr. Housley's motion for compassionate release, dkt. [111], is **denied**.

**SO ORDERED.**

Date: 10/25/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Evan Miles Housley
Reg. No. 15895-028
Cumberland – FCI
Inmate Mail/Parcels
P.O. Box 1000
Cumberland, MD 21501